[Civ. No. 9555. First Appellate District, Division Two.—July 13, 1934.]

THE PEOPLE on Behalf of JOSEPH J. BULLOCK, Jr., Alleged Ward of the Juvenile Court. JOSEPH J. BULLOCK, Respondent, v. CHARLOTTE C. BULLOCK, Appellant.

Leo R. Friedman and Elinor Louise Falvey for Appellant.

Vincent W. Hallinan and William E. Ferriter for Respondent.

NOURSE, P. J.—On November 2, 1933, in a divorce action between Mr. and Mrs. Bullock, a decree was entered denying divorce to either party and awarding custody of the minor child—a boy of eleven years—to the mother, subject to the boy being placed as a boarding pupil in a certain military school.

On November 9, 1933, the mother filed her notice of appeal from the portion of the decree denying her a divorce and from that portion directing that the child be placed in the military school. On November 16th the father filed his petition in the juvenile court charging that the mother had failed and neglected to exercise proper parental control over the child and asking that the child be made a ward of the court free from the custody of the mother as provided in the former decree. The juvenile court granted this petition and the mother appeals.

A preliminary attack is made upon the allegations of the petition upon which the child was brought into the juvenile court. This petition is filled with conclusions of law and expressions of the personal opinions of the pleader. There are just two allegations of fact which, under any possible theory, would justify a hearing on the petition. These are that the mother "has actually failed and neglected to

properly care for said minor's health'' and that she had failed ''to have said child attend school''.

The order must be reversed for the reason that the petition was insufficient to give the juvenile court jurisdiction and also for the reason that the evidence does not support it. Discussion of the pleading will be deferred to a review of the evidence.

The testimony of the petitioner discloses that the father and mother have been separated since the child was seven months old. Throughout this ten-year period the parents have engaged in bitter controversies over the care and education of the child. When the mother placed the boy in a parochial school the father insisted that he should attend the public schools. When the mother placed the boy as a day pupil in a private military school the father objected that the daily bus ride was injurious to the boy's health. When the mother planned to place the boy in a public school situated two blocks from her home the father insisted that he be sent to a private boarding-school. These differences of opinion were emphasized in the hearing in the juvenile court, but there is nothing in the record which might be characterized as evidence tending to prove that the mother had failed to care for the child's health or had failed to have him attend school. The only evidence was to the effect that the mother regularly employed a family physician to give medical care and attention to the boy, that she complied strictly with his directions and advice, and that when she kept the boy out of school it was on the advice of this physician because of his illness.

The essential finding of fact upon which the order depriving the mother of the custody of her son is based is that she ''has failed and neglected to provide proper maintenance, training and education for said minor child, and is incapable of so providing the same for him''. As to the matter of maintenance, the only testimony was that the father had continually provided ample means for the support of the child and that the mother also had ample means for that purpose. As to the matter of training there was no testimony of any character. As to the matter of education the only testimony related to the opinions of the parents as to what would be most pleasing to them rather than what would be to the best interest of the minor.

The respondent practically concedes the absence of evidence to support these findings and suggests that there might have been something else outside of the record of which the court had knowledge. He refers to the stipulation at the close of the hearing that, *if* the court should desire to examine the minor, it might do so alone. But it does not appear that such examination was had. To the contrary, the trial judge certified that the reporter's transcript contained a full and correct transcript of the proceedings and of the testimony taken.

But, aside from the question of the evidence, the court was without jurisdiction to make the order. The Juvenile Court Law (Deering's Gen. Laws, Act No. 3966) is expressly limited in its application to fourteen separate classes of persons under the age of twenty-one years. The petition alleged that the minor came under subdivision 2 of section 1 of the act, which reads: "Who has no parent or guardian; or who has no parent or guardian willing to exercise or capable of exercising proper parental control; or who has no parent or guardian actually exercising such proper parental control and who is in need of such control; . . ."

Section 3 of the act provides that: "Any person may present . . . a petition showing that there is within the county, . . . a person coming within the provisions of section 1 . . . provided, however, that prior to the filing of such petition, the probation officer of such county shall make such investigation as he may deem necessary, *and no petition shall be filed* without the approval of such probation officer except by order of the juvenile court."

The petition is insufficient to bring the minor within subdivision 2 of section 1 of the act. Though it alleged that the mother was not capable of exercising proper parental control over the child and that she had failed to do so, it did not allege that the father, who is the petitioner, was incapable of, or that he had failed or neglected to exercise such control. Furthermore, the report of the probation officer (or the order of court dispensing with it) is jurisdictional. The petition did not allege that such a report was made or excused by order of court. That this is not merely a technical objection is shown by the fact that the record

discloses that neither the report nor the order was made and that the probation officer was not even called as a witness.

From the entire record it is apparent that the petition was filed for the single purpose of counteracting the effect of the mother's appeal from the order in the divorce proceeding relating to the place of schooling of the child. The decree in the divorce proceeding, which was received in evidence, recites that: "This disposition of the minor is not made because of any moral unfitness of his mother as a custodian." In the proceeding under review no investigation was made by the court or by the probation officer of the moral, mental or physical fitness of the mother to exercise the "proper parental control" over the child. The only evidence of her failure or neglect was in the hearsay testimony of those who had no knowledge of the subject matter. The personal differences of the parents—not the welfare of the child—were the moving cause of the proceeding. The purpose of the Juvenile Court Law is not the adjustment of parental disputes concerning the care and education of a minor. Those matters are to be settled in a court of equity where the parents are the actual parties.

The order is reversed.

Sturtevant, J., concurred.